UNITED STATES of America

v.

The STATE OF GEORGIA et al.

Civ. A. No. 16373.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 19, 1972.

Probable Jurisdiction Noted
Oct. 16, 1972.

See 93 S.Ct. 232.

James P. Turner, Deputy Asst. Atty. Gen., Dept. of Justice, Harry C. Piper, III, Atty., Dept. of Justice, John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for plaintiff.

Harold N. Hill, Jr., Executive Asst. Atty. Gen., Robert J. Castellani, Dorothy Y. Kirkley, Asst. Attys. Gen., Atlanta, Ga., for defendants.

Before BELL, Circuit Judge, and O'KELLEY and FREEMAN, District Judges.

PER CURIAM.

### ORDER

The Acting Attorney General of the United States brings this action under Section 12(d) of the Voting Rights Act of 1965 [42 U.S.C. § 1973j(d)] alleging a violation of Section 5 of the Act [42 U.S.C. § 1973c]. Section 5 requires that either the Attorney General or the United States District Court for the District of Columbia approve the enactment of "any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964." The Attorney General here alleges that the 1972 Georgia House reapportionment plan[1] was rejected by the Attorney General under Section 5 within the required 60-day statutory period and asks that this three-judge court, convened pursuant to 28 U.S.C. § 2284, enjoin the State from proceeding to hold elections under the current reapportionment plan.

In 1971, the State of Georgia reapportioned its Congressional, State Senate and State House districts and presented its proposed plans to the Attorney General for Section 5 review. The Attorney General requested additional information as to all three plans and such information was furnished by the State. Thereafter, objections were made by the Attorney General as to portions of each of the plans. As a result, new Congressional and Senatorial plans were subsequently adopted by the General Assembly and were approved by the Attorney General. Although the State of Georgia adopted a new House plan in response to the Attorney General's first objection, that plan failed to eliminate the features

---

1. 1972 Act No. 877.

of the first plan [i.e., multimember districts, numerical posts and majority runoffs] to which the Attorney General had objected. For that reason, the Attorney General rejected this second House plan' and subsequently, filed this action.

■■ The legislative history of the Voting Rights Act does not clearly indicate that Congress intended Section 5 to apply to reapportionment acts. In view of Allen v. State Board of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969) and Perkins v. Matthews, 400 U. S. 379, 91 S.Ct. 431, 27 L.Ed.2d 476 (1971), this Court holds that Section 5 is applicable to such plans. Moreover, this reapportionment plan is subject to Section 5 because the plan constitutes a change from prior Georgia procedures in that it redraws district lines and in some instances, replaces single-member districts with multimember districts. The State's contention to the contrary is not well-founded.

■ Therefore, under the Voting Rights Act, the sole question before this Court is whether this plan, having been presented to the Attorney General for review, was rejected by him within 60 days. If so, this Court, without determining the merits of the State's proposed plan, must enjoin the State from operating under it.

■■ In looking at the timetable of events in this case, we find that the Attorney General objected to the State's plan within the requisite 60 days. The first House reapportionment plan was submitted to the Attorney General on November 5, 1971. By letter dated November 19, 1971, the Attorney General requested further information from the State to aid in his Section 5 review. At

that time, the Attorney General advised the State that the 60-day period for objection would commence running when the additional information was received by the Justice Department. That additional information was received on January 6, 1972 (more than 60 days after the State first submitted its plan), and the United States made its objection to the plan on March 3, 1972. Since the Attorney General's objection of March 3, 1972, was made within 60 days of his receipt of the additional information, we find that there was compliance with the 60-day time limit by the Attorney General. Likewise, the Attorney General's March 24, 1972 objection to the second House reapportionment plan dated March 9, 1972 was within the 60-day period. The Court will not allow the State to withhold additional information sought by the Attorney General until after the 60-day period has elapsed and thereafter contend that the Attorney General failed to object within the statutory period.

The 1971 and 1972 plans were disapproved by the Acting United States Attorney General. The State cannot revert to its previous apportionment statutes[2] since this Court has already declared that the State is malapportioned thereby and has ordered the State to reapportion.[3]

This Court specifically does not pass on the merits of the Georgia reapportionment plan.[4] We determine, however, that the Attorney General had jurisdiction over the matter and that within the proscription of Section 5, he disapproved Georgia's reapportionment plan. We further find that Section 5 of the Voting Rights Act is constitutional as applied.[5] Therefore, while retaining ju-

2. Ga.Laws 1968, p. 209.

3. Toombs v. Fortson, 277 F.Supp. 821 (N.D.Ga.1967).

4. An Amicus Curiae Brief has been filed in this case making a 14th Amendment attack on the 4th district. The Acting Attorney General also points out "Equal Protection" problems as to multi-member districts in general and a separate com-

plaint has been filed making a 14th Amendment attack on the 56th Senatorial District in DeKalb County. The Court has also received correspondence and complaints about other districts and gerrymandering. One of these was from the Ordinary of Paulding County. This Order does not pass on these questions.

5. Cf. South Carolina v. Katzenbach, 383 U.S. 301, 86 S.Ct. 803, 15 L.Ed.2d 769.

risdiction of this matter, the Court hereby enjoins the State of Georgia from proceeding to hold elections under the present reapportionment plan. The Speaker of the Georgia House of Representatives was present in Court and announced that the General Assembly would comply with the Court's Orders. Also, the legal aide to the Governor indicated that a Special Session of the General Assembly would be called immediately.

The Court will reconvene at 2:00 P.M. on May 3, 1972, to review any plan submitted by the State of Georgia or in the alternative to hear argument as to such action as may be required by the Court.

It is so ordered this 19th day of April, 1972.